UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EBONY DAVENPORT,
An Individual

      CASE NO.:

     Plaintiff,

v.

METLIFE GROUP, INC,
Foreign Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EBONY DAVENPORT, ("Plaintiff" or "Ms. Davenport"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery from  ("MG" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1.    Ms. Davenport is an adult individual.

2.    Defendant is a Foreign Profit Corporation that is located and does business in Hillsborough County, Florida, and is therefore within the jurisdiction of this Court.

3.    This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq.*

4.    This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 2000gg

5.    This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

6.    At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Hillsborough County, Florida.

7.    Plaintiff worked for Defendant in Hillsborough County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

8.    At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked,

for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. On or around November 19, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13.    More than 180 days have passed since the filing of the Charge of Discrimination.

14.    On or around June 23, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

15.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.    All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

17.    Ms. Davenport worked for MG as a Client Service Consultant from January 1, 2020, until her unlawful termination on January 23, 2025.

18.    During her tenure, Ms. Davenport was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA related attendance, performance, or disciplinary issues.

19.    Unfortunately, Ms. Davenport suffers from high blood pressure, general anxiety disorder and depression, which are considered "protected

disabilities" under the ADA/FCRA, as well as "serious health conditions" under the FMLA. *See* 42 U.S.C. § 12102 and 29 CFR § 825.113 *et seq.*

20. When Ms. Davenport's disabilities flared up and she requested leave, MG discriminated against her, and terminated her employment, in violation of the law.

21. In August 2024, Ms. Davenport began to experience a significant increase in stress and anxiety due to concerns about her position with Metlife.

22. That same month, Ms. Davenport was diagnosed with depression, high blood pressure, and general anxiety disorder.

23. Based upon the recommendation of her health care provider, Ms. Davenport applied for and was placed on short-term disability leave.

24. When Ms. Davenport began the process of returning to work in October 2024, she was met with severe discrimination.

25. Colleagues informed Ms. Davenport that her Supervisor, Barbara Torres ("Ms. Torres") was informing their colleagues that Ms. Davenport "was no longer employed by Metlife" while she was out on medical leave.

26. Later in October, Ms. Davenport and Ms. Torres had a conversation, where Ms. Torres acknowledged that there were "rumors" that Ms. Davenport had quit.

27. Ms. Davenport reiterated her desire to continue her employment.

28. Upon Ms. Davenport's official return to work on November 4, 2024, Ms. Torres stated to Ms. Davenport that she would receive heavy scrutiny over her work, and that her emails and related communications would be "closely monitored".

29. Throughout the month, Ms. Davenport sought guidance and suggested collaborative problem-solving approaches, however, Ms. Torres simply dismissed Ms. Davenport's suggestions, instead constantly criticizing Ms. Davenport for what Ms. Torres deemed to be "irrelevant emails."

30. Due to the stress and anxiety of working with a supervisor who refused to support her, Ms. Davenport requested the reasonable accommodation of a desk relocation or a team reassignment, but those requests were subsequently ignored and no discussion as to how to accommodate Ms. Davenport's anxiety and stress-related issues was ever held.

31. MG's, and particularly Ms. Torres's hostility, lasted up until the end of Ms. Davenport's employment.

32. It comes as no surprise that on January 23, 2025, immediately after Ms. Davenport returned from a two-day absence due to the flu, Ms. Torres informed Ms. Davenport that MG had decided to terminate her employment, effective immediately.

33.    MG stated that Ms. Davenport was terminated for "performance reasons," but could not provide any specific details regarding the alleged deficient performance.

34.    It is clear that MG terminated Ms. Davenport because she suffered a disability/serious health condition, and required reasonable, non-burdensome accommodation and/or FMLA leave for same.

35.    Any other "reason" theorized after the fact by MG or its attorneys for MG's termination of Ms. Davenport's employment is pure pretext.  MG's actions have been outrageous and will not be tolerated in this day and age.

36.    It is clear that MG retaliated against Ms. Davenport based on her serious health condition, her utilizing or attempting to utilize FMLA leave, her disabilities, and for requesting reasonable accommodation.

37.    MG's adverse employment actions recounted herein were taken in interference with, and retaliation for, Ms. Davenport disclosing her serious health condition and for taking protected FMLA leave.

38.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

39.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

40.    The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

41.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

42.    Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job as a Client Service Consultant.

43.    In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and request for accommodation under the ADA/FCRA.

44.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

45.    The timing of Plaintiff's termination makes the causal connection between her use of reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

46.    Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

47.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

48.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

49.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 9, 17 through 41, and 48, above.

50.    At all times relevant hereto, Plaintiff was protected by the FMLA.

51.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

52.    At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

53.   As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54.   As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II**
**UNLAWFUL RETALIATION UNDER THE FMLA**

55.   Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 6 through 9, 17 through 41, and 48, above.

56.   At all times relevant hereto, Plaintiff was protected by the FMLA.

57.   At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

58.   At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

59.   Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

60.    As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61.    As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

<u>**COUNT III**</u>
<u>**DISABILITY DISCRIMINATION UNDER THE ADA**</u>
<u>**BASED ON FAILURE TO ACCOMMODATE**</u>

62.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4, 6, 7, 10 through 35, and 42 through 48 above.

63.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64.    The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

65.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

66.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

67.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISABILITY DISCRIMINATION UNDER
## THE FLORIDA CIVIL RIGHTS ACT
## BASED ON FAILURE TO ACCOMMODATE

69.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 7, 10 through 35, and 42 through 48 above.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

71. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

75. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as

her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

76. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4, 6, 7, 10 through 35, and 42 through 48 above.

77. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt he was being discriminated against based on her disability, and/or her request for/utilization of reasonable accommodation.

78. Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the ADA.

79. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and/or her request for reasonable accommodation.

80. Plaintiff's protected activity, and her termination, are causally related.

81. Defendant's stated reasons for Plaintiff's termination are a pretext.

82. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation,

inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

83.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

84.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

85.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

86.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 4 through 7, 10 through 35, and 42 through 48 above.

87.    Plaintiff was terminated within close temporal proximity of her objections to disability discrimination and/or her request for reasonable accommodation.

88.    Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the FCRA.

89.    Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

90.    Plaintiff's protected activity, and her termination, are causally related.

91.    Defendant's stated reasons for Plaintiff's termination are a pretext.

92.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

94.    Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

95.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## Certification Under Penalty of Perjury That Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for

violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*/s/ Nicholas Vimo*
Nicholas Vimo

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of August, 2026.

Respectfully Submitted,

*/s/ Nicholas Vimo*
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorney for Plaintiff*